# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SUNDAY, JR. d/b/a SUNDAY TRUCKING, LLC, | NO. 3:17-CV-00946 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY and NATIONAL LIABILITY & FIRE INSURANCE COMPANY, | |
| Defendants. | |

## **MEMORANDUM**

Presently before me is a Motion for Reconsideration (Doc. 29) filed by Defendant Berkshire Hathaway Homestate Insurance Company ("BHHIC"). In its motion, BHHIC requests reconsideration of my denial of summary judgment on Count Three of Plaintiff Joseph Sunday's complaint. Because BHHIC fails to satisfy the standard for reconsideration, its Motion will be denied.

### I. Background

I summarized the undisputed factual background of this matter in my July 31, 2018 Memorandum. (*See* Doc. 27). In that Memorandum and its accompanying Order, I held that summary judgment could not be granted on Count Three of Sunday's complaint, which alleges breach of contract against BHHIC. (*Id.* at 10-11). I explained that when an insurer like BHHIC seeks to cancel an automobile insurance policy, Pennsylvania law requires the notice of cancellation to "[s]tate the specific reason or reasons of the insurer for cancellation or refusal to renew." (*Id.* at 11 (quoting 40 P.S. § 991.2006(3))). The provisions of Sunday's insurance policy require the same. *Id.*

BHHIC discovered Sunday was "operating unscheduled equipment" not listed on his policy, which Sunday disputes. (*Id.* at 12). BHHIC also concluded that Sunday's poor payment history was grounds for cancellation, and BHHIC underwriter Joseph Nibley

informed Sunday's insurance broker of both grounds in a June 3, 2015 email. (Doc. 30 at 10-12). The June 4, 2015 cancellation notice that BHHIC sent to Sunday, however, did not specifically mention his untimely payment as a reason for cancellation. (Doc. 27 at 11). The notice instead stated "a condition, factor or loss experience material to insurability ha[d] changed substantially or become known during the policy term," which mirrors the policy's "catchall" cancellation provision, Section 3(c). (*Id.*). Prior notices which were rescinded did state "[n]onpayment of premium to company" as a reason for cancellation, though, mirroring Section 3(b)'s language. (*Id.* n.6). After receiving the June 4 notice, Sunday applied for replacement insurance coverage from National Liability & Fire Insurance Company ("National Liability"). (*Id.* at 4).

BHHIC filed a Motion for Reconsideration, arguing that the June 4 notice did specifically mention poor payment history as a reason for cancellation (Doc. 30 at 5-10), and that BHHIC underwriter Joseph Nibley informed Sunday's insurance broker of that reason on June 3, 2015 by email (*id.* at 10-12). BHHIC also argues that Sunday's attempt to obtain replacement coverage from National Liability after the June 4 notice conceded the adequacy of the notice. (*Id.* at 12). Sunday argues in response that the notice was ineffective because it did not specifically mention poor payment history as a reason for cancellation, regardless of Nibley's email and Sunday's post-notice actions. (Doc. 31 at 3-4).

The Motion has been fully briefed and is now ripe for review.

## II. Discussion

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café, by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

2

BHHIC has not identified a change in intervening law, nor has it pointed to new evidence that was previously unavailable. Instead, BHHIC argues I committed three clear errors of law or fact: (1) Sunday's policy was properly cancelled by the June 4, 2015 notice under Section 3(c) for his poor payment history (Doc. 29 at ¶¶ 11(a)-(c)); (2) BHHIC underwriter Joseph Nibley's June 3, 2015 email to Sunday's insurance broker constituted sufficient notice of cancellation (*id.* ¶¶ 11(d)-(f)); and (3) Sunday "effectively conceded that he received adequate notice of cancellation" by applying to National Liability for replacement insurance coverage (*id.* ¶ 11(g)).

The June 4 notice did not properly cancel Sunday's policy on the basis of his poor payment history. Insurers must cancel policies in strict accordance with 40 P.S. § 991.2006, and the insurer has the burden of proving compliance. *Nationwide Ins. Co. v. Pa. Ins. Dep't*, 779 A.2d 14, 17 (Pa. Commw. Ct. 2001). 40 P.S. § 991.2006(3) provides that a cancellation "shall not be effective unless the insurer delivers or mails to the named insured . . . a written notice of cancellation," which "shall . . . [s]tate the specific reason or reasons of the insurer for cancellation." Nonpayment as a reason for cancellation is expressly dealt with in Section 3(b) of the policy. The "catchall" cancellation provision, Section 3(c), refers instead to a "condition, factor or loss experience material to insurability [that] has changed substantially." BHHIC claims two cancellation reasons were stated in the notice: chronic nonpayment and operation of equipment not listed on the policy. But if that were the case, the June 4 notice would have cited conditions, factors, or loss experiences—plural, not singular. The notice thus specifies only one reason for cancellation, and BHHIC cannot shoehorn repeated nonpayment into the language of Section 3(c) and the June 4 notice. BHHIC sent prior notices of cancellation (which were rescinded) specifically citing nonpayment of premiums per Section 3(b), whereas the June 4 notice cited a substantially changed "condition, factor or loss experience material to insurability" per Section 3(c). *See Atl. Richfield Co. v. Razumic,* 390 A.2d 736, 741 (Pa. 1978) (noting that course of performance is always relevant in interpreting a writing). Therefore, the notice did not specifically state nonpayment, repeated or not, as a reason for cancellation, as required by both

3

Pennsylvania law and the terms of the policy.

For similar reasons, neither Nibley's June 3 email to Sunday's insurance broker nor Sunday's applying for replacement coverage renders the June 4 notice effective to cancel the policy on nonpayment grounds. Again, BHHIC must have strictly complied with the provisions of 40 P.S. § 991.2006 in order to cancel the policy. *Nationwide Ins. Co. v. Pa. Ins. Dep't*, 779 A.2d 14, 17 (Pa. Commw. Ct. 2001). As for the email, no provision of the statute permits an insurer to state specific reasons for cancellation in an email preceding or even accompanying a notice of cancellation. Section 991.2006(5), by comparison, does permit the insurer to advise the insured "in an accompanying statement" of "his possible eligibility for insurance through the automobile assigned risk plan." BHHIC thus asks me to interpret Section 991.2006(3) to include language that the legislature used only in Section 991.2006(5)—this is an unreasonable and therefore unacceptable construction. 1 Pa. Cons. Stat. Ann. § 1922(1); *see, e.g.*, *United States v. Morton*, 467 U.S. 822, 828 (1984) (courts should "read statutes as a whole"). Because Section 991.2006(3) requires that specific reasons for cancellation be stated in the written notice of cancellation and not in an accompanying statement, Nibley's June 3 email was insufficient to cancel Sunday's policy. And because the notice of cancellation was defective, Sunday's applying for new insurance coverage from National Liability could not have "effectively conceded that he received adequate notice of cancellation of the BHHIC policy." (Doc. 30 at 12).

Accordingly, there is no basis for reconsideration of my July 31, 2018 Order denying summary judgment to BHHIC as to Count Three of Sunday's complaint.

### III. Conclusion

For the above stated reasons, BHHIC's Motion for Reconsideration will be denied.

An appropriate order follows.

September 19, 2018　　　　　　　　　　/s/ A. Richard Caputo
Date　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　United States District Judge

4